# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:          Monsarrat v. Newman

District Court Number:     20cv10810-RGS

Fee:     Paid?   Yes  X    No _____     Government filer _____     *In Forma Pauperis* Yes _____     No _____

Motions Pending     Yes  X   No _____          Sealed documents     Yes _____ No  X
*If yes, document #*      33                    *If yes, document #*    _____

*Ex parte* documents     Yes _____ No  X          Transcripts     Yes _____ No  X
*If yes, document #*      _____          *If yes, document #*    _____

Notice of Appeal filed by: Plaintiff/Petitioner  X    Defendant/Respondent _____    Other: _____

Appeal from:

#30 Memorandum and Order, #31 Judgment
Other information:

     I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#30, #31, and #37
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal #  37    filed on  February 19, 2021    .

     In testimony whereof, I hereunto set my hand and affix the seal of this Court on  February 22,2021  .


**ROBERT M. FARRELL**
Clerk of Court


/s/Matthew A. Paine
Deputy Clerk


COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL,COPYRT

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:20−cv−10810−RGS</u>

Monsarrat v. NEWMAN
Assigned to: Judge Richard G. Stearns
related Case:  1:17−cv−10356−PBS
Cause: 28:1338 Copyright Infringement

Date Filed: 04/28/2020
Date Terminated: 01/21/2021
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Jonathan Monsarrat**

represented by **Richard A. Goren**
Law Office of Richard Goren
29 Crafts Street, Suite 500
Newton, MA 02458
617−933−9494
Email: <u>rgoren@richardgorenlaw.com</u>
*ATTORNEY TO BE NOTICED*

**Ryan D. Sullivan**
Curran Antonelli, LLP
Ten Post Office Square
Suite 800 South
Boston, MA 02109
617−207−8670
Fax: 6178509001
Email: <u>rsullivan@curranantonelli.com</u>
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**RON NEWMAN**

represented by **Daniel G. Booth**
Dan Booth Law, LLC
60 Thoreau Street
#121
Concord, MA 01742
646−573−6596
Email: <u>dan@danboothlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/28/2020 | <u>1</u> | | COMPLAINT against RON NEWMAN Filing fee: $ 400, receipt number 0101−8215882 (Fee Status: Filing Fee paid), filed by Jonathan Monsarrat. |

1

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Civil Cover Sheet, # 2 COMPLETED CATEGORY FORM, # 3 FORM AO 121)(Goren, Richard) (Entered: 04/28/2020) |
| 04/28/2020 | 2 | | ELECTRONIC NOTICE of Case Assignment. Judge Patti B. Saris assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Marianne B. Bowler. (Finn, Mary) (Entered: 04/28/2020) |
| 04/28/2020 | 3 | | Summons Issued as to RON NEWMAN. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Coppola, Katelyn) (Entered: 04/28/2020) |
| 04/28/2020 | 4 | | REPORT on the filing/termination of copyright case . (Goren, Richard) (Entered: 04/28/2020) |
| 07/08/2020 | 5 | | MOTION for Extension of Time to September 30, 2020 to Serve Defendant under Rule 4 by Jonathan Monsarrat.(Goren, Richard) Modified on 7/8/2020 to correct docket text. (Lara, Miguel). (Entered: 07/08/2020) |
| 07/08/2020 | 6 | | Judge Patti B. Saris: ELECTRONIC ORDER entered granting 5 Motion for Extension of Time. **Service deadline set for September 30, 2020.** (Lara, Miguel) (Entered: 07/08/2020) |
| 09/22/2020 | 7 | | MOTION to Amend 1 Complaint, by Jonathan Monsarrat. (Attachments: # 1 Exhibit AMENDED COMPLAINT)(Goren, Richard) (Entered: 09/22/2020) |
| 09/29/2020 | 8 | | Judge Patti B. Saris: ELECTRONIC ORDER entered granting 7 Motion to Amend. (Baker, Casey) (Entered: 09/29/2020) |
| 09/29/2020 | 9 | | AMENDED COMPLAINT against Jonathan Monsarrat, filed by Jonathan Monsarrat.(Goren, Richard) (Entered: 09/29/2020) |
| 09/29/2020 | 10 | | WAIVER OF SERVICE Returned Executed by Jonathan Monsarrat. RON NEWMAN waiver sent on 9/29/2020, answer due 12/28/2020. (Goren, Richard) (Entered: 09/29/2020) |
| 10/06/2020 | 11 | | NOTICE of Appearance by Daniel G. Booth on behalf of RON NEWMAN (Booth, Daniel) (Entered: 10/06/2020) |
| 10/06/2020 | 12 | | Objection to Designation of Relatedness and MOTION to Return case for Reassignment by RON NEWMAN.(Booth, Daniel) Modified text on 10/19/2020 (Baker, Casey). (Entered: 10/06/2020) |
| 10/16/2020 | 13 | | MEMORANDUM in Opposition re 12 MOTION to Reassign Case filed by Jonathan Monsarrat. (Goren, Richard) (Entered: 10/16/2020) |
| 10/19/2020 | 14 | | Judge Patti B. Saris: ELECTRONIC ORDER entered re 12 MOTION to Reassign Case filed by RON NEWMAN. "This action is deemed non−related to 1:17−cv−10356−PBS and the clerk is directed forthwith to reassign the case randomly to another District Judge."(Baker, Casey) (Entered: 10/19/2020) |
| 10/19/2020 | 15 | | ELECTRONIC NOTICE of Reassignment. Judge Richard G. Stearns added. Judge Patti B. Saris no longer assigned to case. (Finn, Mary) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/19/2020) |
| 11/30/2020 | 16 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by RON NEWMAN. (Attachments: # 1 Exhibit A (Newman I Complaint), # 2 Exhibit B (Newman I Exhibit 3), # 3 Exhibit C (Newman I Exhibit 4), # 4 Exhibit D (Newman I Exhibit 12), # 5 Exhibit E (Newman I Notice of Dismissal), # 6 Exhibit F (Newman I docket), # 7 Exhibit G (Violation post on LiveJournal), # 8 Exhibit H (Violation post on Dreamwidth), # 9 Exhibit I (Wheel Questions thread on Dreamwidth), # 10 Exhibit J (Today's Somerville Police Blog thread on Dreamwidth), # 11 Exhibit K (Help thread on Dreamwidth), # 12 Exhibit L (Jonmon Loses thread on Dreamwidth), # 13 Exhibit M (Universal Hub article), # 14 Exhibit N (Victory thread on Dreamwidth), # 15 Exhibit O (Threads tagged with Jonmon on Dreamwidth), # 16 Exhibit P (LiveJournal entry on Wikipedia), # 17 Exhibit Q (Dreamwidth entry on Wikipedia), # 18 Exhibit R (Zaiger No. 79: Memorandum and Order), # 19 Exhibit S (Zaiger No. 107–7: Incident Report), # 20 Exhibit T (Zaiger No. 107–10: Wicked Local Somerville article), # 21 Exhibit U (Zaiger No. 107–6: 2013 letter re Newman I))(Booth, Daniel) (Entered: 11/30/2020) |
| 11/30/2020 | 17 | | MEMORANDUM in Support re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RON NEWMAN. (Booth, Daniel) (Entered: 11/30/2020) |
| 11/30/2020 | 18 | | Request for Judicial Notice by RON NEWMAN. (Booth, Daniel) (Entered: 11/30/2020) |
| 12/01/2020 | 19 | | ELECTRONIC NOTICE issued requesting courtesy copies of Dkt #17 and attached exhibits. Counsel who filed these documents is requested to submit a courtesy copy of these documents to the Clerk's Office by 12/10/20. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Zierk, Marsha) (Entered: 12/01/2020) |
| 12/14/2020 | 20 | | Opposition re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jonathan Monsarrat. (Attachments: # 1 Appendix A KAUFMAN CASE)(Goren, Richard) (Entered: 12/14/2020) |
| 12/14/2020 | 21 | | Opposition re 18 Request for Judicial Notice and Motion to Strike or in the Alternative to File Scandalous Materials Under Seal filed by Jonathan Monsarrat. (Attachments: # 1 Affidavit OF RICHARD GOREN)(Goren, Richard) Modified docket text on 12/15/2020 to link to correct docket entry and make CM/ECF event into a motion (Pacho, Arnold). (Entered: 12/14/2020) |
| 12/16/2020 | 22 | | NOTICE of Appearance by Ryan D. Sullivan on behalf of Jonathan Monsarrat (Sullivan, Ryan) (Entered: 12/16/2020) |
| 12/24/2020 | 23 | | NOTICE by Jonathan Monsarrat *OF ERRATA* (Goren, Richard) (Entered: 12/24/2020) |
| 12/28/2020 | 24 | | MOTION for Leave to File *Combined Reply in Support of Request for Judicial Notice and Response to Motion to Strike or File Under Seal* by RON NEWMAN. (Attachments: # 1 Proposed Reply in Support of Request for Judicial Notice and Response to Motion to Strike or File Under Seal, # 2 Declaration of Dan Booth, # 3 Exhibit A (November 24 and 27, 2020 emails))(Booth, Daniel) (Entered: 12/28/2020) |

| 12/29/2020 | 25 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 24 Motion for Leave to File to file joint Reply. Counsel using the Electronic Case Filing System should now file the Reply as a separate document on the docket. (Zierk, Marsha) (Entered: 12/29/2020) |
| 12/29/2020 | 26 | | RESPONSE to Motion re 21 MOTION to Seal *; Reply re 18 Request for Judicial Notice* filed by RON NEWMAN. (Attachments: # 1 Declaration of Dan Booth, # 2 Exhibit A (November 24 and 27, 2020 emails))(Booth, Daniel) (Entered: 12/29/2020) |
| 01/07/2021 | 27 | | Unopposed MOTION for Leave to File a Combined Surreply in Opposition to 18 Defendant's Request for Judicial Notice and Reply in Support of 21 Motion to Strike or File Under Seal filed by Jonathan Monsarrat. (Attachments: # 1 Exhibit PROPOSED REPLY AND SUR–REPLY)(Goren, Richard) Modified docket text and changed ECF event into motion on 1/8/2021. (Pacho, Arnold). (Entered: 01/07/2021) |
| 01/08/2021 | 28 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 27 Unopposed MOTION for Leave to File a Combined Surreply in Opposition to 18 Defendant's Request for Judicial Notice and Reply in Support of 21 Motion to Strike or File Under Seal; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order) – in the caption of the document. (Pacho, Arnold) (Entered: 01/08/2021) |
| 01/08/2021 | 29 | | REPLY to Response to 21 MOTION to Seal AND SURREPLY IN OPPOSITION TO 18 DEFENDANT REQUEST FOR JUDICIAL NOTICE (DOC 18) filed by Jonathan Monsarrat. (Goren, Richard) Modified on 1/8/2021 to link filing to proper docket entry (Pacho, Arnold). (Entered: 01/08/2021) |
| 01/21/2021 | 30 | 6 | Judge Richard G. Stearns: ORDER entered granting 16 Motion to Dismiss for Failure to State a Claim; denying 21 Motion to Seal. The Clerk will enter judgment for defendant Newman and close the case. (RGS, law3) (Entered: 01/21/2021) |
| 01/21/2021 | 31 | 18 | Judge Richard G. Stearns: ORDER entered. JUDGMENT entered for defendant Ron Newman. (Pacho, Arnold) (Entered: 01/21/2021) |
| 02/04/2021 | 32 | | BILL OF COSTS by RON NEWMAN. (Attachments: # 1 Exhibit)(Booth, Daniel) (Entered: 02/04/2021) |
| 02/04/2021 | 33 | | MOTION for Attorney Fees by RON NEWMAN. (Attachments: # 1 Declaration of Dan Booth, # 2 Exhibit A (Billing Statement), # 3 Exhibit B (AIPLA Survey))(Booth, Daniel) (Entered: 02/04/2021) |
| 02/04/2021 | 34 | | MEMORANDUM in Support re 33 MOTION for Attorney Fees filed by RON NEWMAN. (Booth, Daniel) (Entered: 02/04/2021) |
| 02/15/2021 | 35 | | Assented to MOTION for Extension of Time to 2/23/21 to File Response/Reply as to 33 MOTION for Attorney Fees by Jonathan Monsarrat.(Goren, Richard) (Entered: 02/15/2021) |
| 02/16/2021 | 36 | | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 35 Motion for Extension of Time to File Response/Reply re 33 MOTION for Attorney |

| | | | |
|---|---|---|---|
| | | | Fees. Response due by 2/23/2021. (RGS, law3) (Entered: 02/16/2021) |
| 02/19/2021 | <u>37</u> | 19 | NOTICE OF APPEAL as to <u>31</u> Judgment by Jonathan Monsarrat Filing fee: $ 505, receipt number 0101−8645074 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at <u>http://www.ca1.uscourts.gov</u> MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at <u>http://pacer.psc.uscourts.gov/cmecf</u>. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at <u>http://www.ca1.uscourts.gov/cmecf</u>. US District Court Clerk to deliver official record to Court of Appeals by 3/11/2021. (Goren, Richard) (Entered: 02/19/2021)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10810-RGS

JONATHAN MONSARRAT

v.

RON NEWMAN

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

January 21, 2021

STEARNS, D.J.

Plaintiff Jonathan Monsarrat brings this action against Ron Newman,

alleging copyright infringement and defamation.  Newman moves to dismiss

the case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For

the following reasons, the court will <u>ALLOW</u> defendant's motion.

## BACKGROUND

The essential facts, drawn from the First Amended Complaint (FAC)

(Dkt # 9) and the material documents incorporated by reference,[1] as viewed

---

[1] Monsarrat moves to strike or seal the exhibits that Newman offers
with his motion to dismiss.  *See* Pl.'s Opp'n to Req. for Jud. Notice and Mot.
to Strike (Dkt # 21).  While the court is not convinced that the documents
excerpted from Monsarrat's 2013 and 2017 lawsuits have any material
bearing on its resolution of the instant motion, the court declines to strike or
seal these documents because they are matters of public record and are
incorporated by reference in the FAC.  *See* FAC ¶¶ 11-12, 14, 26, 29-31.  The

in the light most favorable to the plaintiff as the nonmoving party, are as follows.  On April 4, 2017, the social networking site LiveJournal revised its terms and conditions of service to comply with Russian law.  Because Russian law permitted censorship of certain content, Newman, the moderator of a Davis Square (Somerville, MA)-specific LiveJournal community, decided to move the group to Dreamwidth, a social networking site that was not subject to Russian censorship.  On April 30, 2017, Newman copied every post from the Davis Square LiveJournal community to Dreamwidth.  Monsarrat filed suit in this court on April 28, 2020, asserting claims of copyright infringement and defamation related to the republication of these posts.  Newman moved to dismiss on December 14, 2020.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp.*

---

court also declines to strike or seal the Wikipedia entries for LiveJournal and or Dreamwidth, both of which are directly cited by the FAC.  *See id.* ¶¶ 7, 18.  Finally, the court declines to strike or seal the Dreamwidth post reproductions or the original copyrighted LiveJournal post.  The FAC refers to these posts in several paragraphs, *see id.* ¶¶ 8, 10, 16, 20-21, 45-46, and Monsarrat concedes in his opposition that they form the basis of (and thus are necessary to a proper evaluation of) his claims, *see* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8, 10, 16 (Dkt # 20).

2

*v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### a. Copyright Infringement

Monsarrat raises a copyright infringement claim against Newman involving the republication of a comment he originally posted in the Davis Square LiveJournal community in 2010, reproduced below.



**Violation of LiveJournal abuse policies**
🔒 make_you_laugh
February 6 2010, 21:03:40 UTC

LiveJournal's abuse policies are at http://www.livejournal.com/abuse/policy.bml

Under the section "Harassment", it says that "If a user makes a statement which encourages or incites others to harass another person in any way, access to that content will be disabled. This can also extend to entries in which harassment has not been explicitly called for, but is implied, at the discretion of the Abuse Prevention Team."

This is it. I'll give everyone here until Monday at 12pm to remove your comments from this board. At that point, I'm collecting every single one of them. I have already filed an abuse report with LiveJournal but won't call them until Monday at 12pm.

Ex. G to Def.'s Mot. to Dismiss at 2; *see also* FAC ¶ 45. Monsarrat asserts that Newman's reproduction of this post on Dreamwidth in 2017 infringed his intellectual property rights and entitles him to damages. Newman

3

contends that Monsarrat has failed to state an actionable claim because the allegations in the FAC establish his entitlement to a fair use defense.

"Fair use 'creates a privilege for others to use the copyrighted material in a reasonable manner despite the lack of the owner's consent.'" *Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 59 (1st Cir. 2012), quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1323 (2d Cir. 1989). The Copyright Act codifies four non-exclusive factors relevant to the fair use inquiry:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

Here, drawing all reasonable inferences in Monsarrat's favor, the court agrees that the FAC establishes Newman's entitlement to a fair use defense as a matter of law. As to the first factor, it is clear from the face of the FAC (and from the plain text of the post and its reproduction, *see* Exs. G and H to Def.'s Mot. to Dismiss; *see also* FAC ¶¶ 45-46), that Newman did not publish

4

the copyrighted post for the same purposes for which Monsarrat initially created it.  *See Gregory*, 689 F.3d at 59-60 (considering as part of the first factor "whether and to what extent the new work is transformative, that is, whether the new work merely supersedes the objects of the original creation or whether it adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message" (internal quotation marks omitted)), quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994).  Monsarrat submitted the original post to highlight LiveJournal's harassment policy and demand deletion of other posts on the community website which he viewed as violative.   The Dreamwidth reproduction, on the other hand, was created solely for historical and preservationist purposes.  *See Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 609 (2d Cir. 2006) (finding that the use of concert posters in a book on the history of the Grateful Dead served a different purpose than the original purpose of "artistic expression and promotion" because defendant used the concert posters "as historical artifacts to document and represent the actual occurrence of Grateful Dead concert events"); *Stern v. Does*, 978 F. Supp. 2d 1031, 1045 (C.D. Cal. 2011), *aff'd on other grounds sub nom. Stern v. Weinstein*, 512 F. App'x 701 (9th Cir. 2013) (finding that defendants' forwarding by email of a copyrighted

post "conveyed the fact of the post rather than its underlying message" and "thus had a substantially different purpose than the post itself"); *cf. Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 819 (9th Cir. 2003) (finding that the use of artistic images in thumbnail form "serve[d] a different function" than "artistic expression" because the thumbnails were simply meant to "improv[e] access to information on the internet"). Monsarrat's post, moreover, was just one of several hundred posts copied by Newman and was not used to promote traffic to the new website.[2]  *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 562 (1985) (noting that "[t]he crux" of the analysis is "whether the user stands to profit from exploitation of the copyrighted material without paying the customary price"); *cf. Haberman v. Hustler Mag., Inc.*, 626 F. Supp. 201, 211 (D. Mass. 1986) (finding that the first factor did not militate strongly against fair use where a magazine reproducing plaintiff's postcards "did not exploit the value of [his] works in order to sell copies of its magazine" but instead reproduced the works "as items inside the magazine in a regular feature section").

---

[2] Posts on Dreamwidth in 2017 may have included references to the reproduced post (and may have even hyperlinked to it), but there is no allegation that the post itself was used to promote traffic to the Dreamwidth community.

Turning to the second factor, the "nature of the copyrighted work," the balance again tips in Newman's favor.   The post largely repeats the LiveJournal harassment policy, a factual matter, and the court cannot reasonably infer under these circumstances that the warning in the final paragraph, for contributors to delete their posts in light of this policy, transformed otherwise factual matter into "a creative work enjoying broader copyright protection."  *See Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 23 (1st Cir. 2000).   In any event, the post was published on a public forum, so the "right of first publication" is not implicated.  *See id.*

The third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," "focus[es] upon whether the extent of . . . copying is consistent with or more than necessary to further the purpose and character of the use."  *Id.* at 24 (internal quotation marks and citations omitted); *see also Haberman*, 626 F. Supp. at 212 ("[I]t has long been recognized that a commentator may fairly reproduce as much of the original, copyrighted work as is necessary to his proper purpose.").   This factor is neutral.   Newman copied Monsarrat's post in full, but a full reproduction is consistent with historical and preservationist purposes.

Finally, the fourth factor, "the effect of the use upon the potential market for or value of the copyrighted work" – "the single most important

element of fair use," *Harper & Row*, 471 U.S. at 566 – weighs against Monsarrat.  There is no plausible market for the copyrighted post and thus no likelih0od that Newman's reproduction could have any harmful market consequences.  *See Gregory*, 689 F.3d at 64 (noting that the fourth factor requires the court "to consider both (1) the degree of market harm caused by the alleged infringer's actions, and (2) 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market for the original'" (alterations in original)), quoting *Campbell*, 510 U.S. at 590.

In sum, because it is clear from the face of the FAC that three out of the four fair use factors favor Newman and that the remaining factor can at best be deemed neutral, the court finds Newman entitled to the fair use defense as a matter of law.  It accordingly allows the motion to dismiss the copyright infringement claim.

### b. Defamation

Monsarrat also raises a defamation claim against Newman based on his republication of certain posts from the Davis Square LiveJournal community on Dreamwidth.  Newman argues that the Communications Decency Act (CDA), 47 U.S.C. § 230, bars this claim.

8

Section 230 of the CDA provides, in relevant part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." §§ 230(c)(1), 230(e)(3).  Because immunity under Section 230 is an affirmative defense for which Newman bears the burden of proof, the court may only grant his motion to dismiss if his entitlement to the defense is apparent from the face of the FAC.  *See Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 322 (1st Cir. 2017).  In other words, the factual allegations in the FAC must definitively establish that (1) Newman "is a 'provider or user of an interactive computer service'; (2) the claim is based on 'information provided by another information content provider'; and (3) the claim would treat [Newman] 'as the publisher or speaker' of that information."  *See Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 418 (1st Cir. 2007).

The FAC pleads that Newman is a user of an interactive computer service,[3] *see* FAC ¶¶ 18, 20, and the defamation claim indisputably seeks to

---

[3] Monsarrat implies that qualification as a provider or user of an interactive computer service is inconsistent with qualification as an information content provider.  *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8.

9

treat Newman as the publisher of the cited statements.   Newman's entitlement to immunity thus hinges on whether the complaint establishes that he acted as an information content provider with respect to the dissemination of the allegedly defamatory statements.

An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).  Here, Monsarrat fails to plausibly allege that Newman participated in the creation or development of the allegedly defamatory statements.   Indeed, in his opposition, he concedes that "Newman did not originally compose or write any of the original defamatory statements" but instead merely "copie[d] . . . defamatory statements published many years ago."  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 11; *see also* FAC ¶¶ 8, 10, 16, 20-21.  His argument for liability relies on Newman having taken "ownership of the collection of defamatory speech" by republishing the statements on "an entirely different website."  *See* FAC ¶ 23;

---

But these are separate inquiries.  Nothing prevents a provider or user of an interactive computer service from also serving as an information content provider with respect to certain statements.   *See*, *e.g.*, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003).  The CDA merely states that the provider or user of an interactive computer service is not entitled to immunity if it acts as an information content provider.

*see also* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 11 ("In his 2017 post on the Dreamwidth website it was Newman alone who voluntarily provided the content, *i.e.*, a compilation of copies of those defamatory statements published many years ago."). But this is no basis on which the court can impose liability.[4]  As another session of this court recently observed, "[r]epublishing an already-existing user-submitted comment, without altering the content of that comment, does not materially contribute to its allegedly defamatory nature." *See Ayyadurai v. Floor64, Inc.*, 270 F. Supp. 3d 343, 368 (D. Mass. 2017); *see also Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (granting a motion to dismiss where "[a] careful reading of the complaint reveals that Kimzey never specifically alleged that Yelp authored or created the content of the statements posted under the aegis of Sarah K, but rather that Yelp adopted them from another website and transformed them into its own stylized promotions on Yelp and Google"); *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 415-417 (6th Cir. 2014) (finding that a website operator did not become an information content provider of allegedly defamatory statements provided by third parties merely by publishing those statements on his website).  The court

---

[4] That the posts remained accessible on LiveJournal has no bearing on the court's analysis.

accordingly allows the motion to dismiss Monsarrat's defamation claim under the CDA.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.  The Clerk will enter judgment for defendant Newman and close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Jonathan Monsarrat

      Plaintiff

      v.                                  CIVIL ACTION 1:20-10810-RGS

Ron Newman

      Defendant

## JUDGMENT

<u>STEARNS, D.J.</u>

In accordance with the court's Memorandum and Order issued on January 21, 2021, granting defendant's Motion to Dismiss, it is hereby ORDERED:

Judgment entered for defendant Ron Newman.

 

By the court,

January 21, 2021                     /s/ Arnold Pacho
Date                              Deputy Clerk

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

JONATHAN MONSARRAT,                    )
                                       )
                Plaintiff,             )          Civil Action No. 20-cv-10810-RGS
        v.                             )
RON NEWMAN,                            )
                Defendant.             )
                                       )

## NOTICE OF APPEAL

Notice is hereby given that Jonathan Monsarrat the Plaintiff in the abovenamed matter,

hereby appeals to the United States Court of Appeals For the First Circuit from the judgment

entered in this action on January 21, 2021.

        DATED: February 19, 2021

                            Respectfully submitted,

                            JONATHAN MONSARRAT
                            Plaintiff,

                            By his attorneys,

                            /s/  Richard A. Goren
                            Richard A. Goren, Esq. BBO #203700
                            Law Office of Richard Goren
                            29 Crafts Street, Suite 500
                            Newton MA 02458-1461
                            617-933-9494
                            rgoren@richardgorenlaw.com

                            /s/ Ryan D. Sullivan
                            Ryan D. Sullivan (BBO#660696)
                            rsullivan@curranantonelli.com
                            Curran Antonelli, LLP
                            10 Post Office Square, Suite 800 South
                            Boston, MA 02109
                            617-410-6340

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 19, 2021

*/s/Richard A. Goren*